<u>UNITED STATES DISTRICT COURT</u>
<u>FOR THE DISTRICT OF COLUMBIA</u>

---

**GILBERTE JILL KELLEY** *et al.*,

      **Plaintiffs,**

**v.**

**THE FEDERAL BUREAU OF
INVESTIGATION** *et al.*,

      **Defendants.**

**Civil Action No. 13-cv-825 (ABJ)**

---

<u>DEFENDANTS' STATUS REPORT</u>
<u>PURSUANT TO THE COURT'S SEPTEMBER 16 MINUTE ORDER</u>

On September 16, 2015, the Court entered a Minute Order requiring, *inter alia*, that

plaintiffs in the above-captioned case provide defendants "a list of the narrowed discovery

requests and the specific documents they believe are still outstanding from their original

document requests[.]"  In the same Minute Order, the Court required defendants to file "a status

report advising the Court whether they will object to the requests or whether they will produce

the documents sought, and proposing a schedule for the briefing of any objections or the

production of any documents."  Pursuant to the Minute Order, on September 21, 2015, plaintiffs

provided defendants their purportedly narrowed discovery requests,[1] and defendants submit this

Status Report in response.

---

[1] Plaintiffs' submission is attached hereto as Exhibit 1 and referred to herein as either "Ex. 1" or
"Plaintiffs' September 21 Document Requests."  Plaintiffs' submission incorporates a letter from
plaintiffs' counsel to defendants' counsel dated August 28, 2015.  In their submission, plaintiffs
reference the first portion of enumerated paragraph 1 of that letter.  The remainder of the letter
contains information derived from a variety of sources, including excerpts from responses to
written discovery and from depositions transcripts, some of which has been designated as
"CONFIDENTIAL—SUBJECT TO THE PROTECTIVE ORDER." To ensure no such
information is inadvertently released, defendants have redacted all but referenced portion of
enumerated paragraph 1 from the August 28 letter.

This Status Report has three components.  First, it responds to plaintiffs' September 21 Document Requests.  Second, it responds to plaintiffs' apparent attempt to identify allegedly outstanding documents.  Third, it proposes a briefing schedule should these issues require any further attention by the Court.

## I.    **Defendants' Response to Plaintiffs' September 21 Document Requests**

Plaintiffs' September 21 Document Requests purport to list five narrowed requests for documents from one or both defendants, the Federal Bureau of Investigation ("FBI") and the Department of Defense ("DoD").  *See* Ex. 1 at 1-2.  In reality, as explained in more detail below, plaintiffs' submission contains four purportedly narrowed requests for documents from the defendants, and one request that seemingly attempts to narrow the scope of five separate subpoenas *duces tecum* that plaintiffs had served on certain non-party witnesses pursuant to Rule 45 of the Federal Rules of Civil Procedure.  *Id.*

Plaintiffs' September 21 Document Requests generally suffer from three recurring deficiencies.  First, the requests are frequently broader in certain respects than the original document requests.  Second, the requests seek information that there is no dispute that defendants have produced.  Third, plaintiffs have incorporated many of the objectionable characteristics of their initial document requests into the September 21 Document Requests.

Defendants respond below to each of the newly formulated requests.

1.     **"All documents [related to the** ▮▮▮▮▮ **@yahoo.com email account, including the emails contained therein] reflecting communications with, and about, the media."[2]**

Plaintiffs first propose to narrow their original Document Request No. 5 to FBI.  That request originally sought, *inter alia*, "[a]ll documents evidencing communications with, to, or from media personnel, or the news organizations for whom those personnel worked, from June 1, 2012 to November 30, 2012 . . . ."  *See* Pls.' First Set of Requests for Docs. from Def. FBI at 6 (attached hereto as Exhibit 2).  FBI objected to the original request on the grounds that, *inter alia*, it was overly broad and unduly burdensome in that the request was unlimited by subject matter – it sought every document related to any FBI communication with the media on any topic over the course of a six-month period.  *See* Def. FBI's Response to Pls.' First Set of Requests for Docs. at 7-8 (attached hereto as Ex. 3).[3]  Subject to and without waiving its objections, FBI responded that it would produce communications with the media regarding either plaintiff that occurred in the wake of the David Petraeus resignation from the CIA on November 9, 2012, or during the FBI investigation that preceded that resignation.  *Id.*

The newly formulated request Document Request to FBI No. 5 remains objectionable on the ground that it falls outside the scope of the original request in at least two significant ways: (1) the original request was limited to a specific date range, whereas the narrowed request is not limited to any date range; and (2) the initial request sought only communications "with, to, or from" the media, whereas the narrowed requests seeks communications "with, and about, the media."  Moreover, the phrase "documents related to the ▮▮▮▮▮ @yahoo.com email account,

---

[2] Defendants have redacted the initial portion of plaintiffs' email addresses in this document and in all attachments to this filing, including in the attached version of the Sept. 21 Document Requests.

[3] FBI marked certain portions of its response as "CONFIDENTIAL—SUBJECT TO THE PROTECTIVE ORDER."  FBI has redacted those portions of its response in the attached version of Exhibit 3.

including the emails contained therein reflecting communications with, and about, the media" is

vague, confusing, and not reasonably particularized.

     Subject to and without waiving those objections or any privileges, FBI intends to respond

to this request by confirming that it has already committed to produce any documents reflecting

communications with, to, or from media personnel or news organizations that occurred in the

wake of the David Petraeus resignation from the CIA on November 9, 2012, or during the course

of the FBI investigation that preceded that resignation where the communication regards either

plaintiff.  The FBI has found no communication that either expressly mentions the

██████@yahoo.com email account, or that provides a description of the contents of emails

contained in that account.  FBI notes that its response to plaintiffs' original request covers a

larger universe of information than plaintiffs' current request;  specifically, FBI has committed to

produce communications *regarding either plaintiff* under the terms detailed above, which would

include more communications than those that are simply "related to the ██████@yahoo.com

email account, including the emails contained therein."

    **2.**      **"All documents [related to the ██████@yahoo.com email account,
including the emails contained therein] reflecting internal communications."**

    Plaintiffs next propose to narrow Plaintiffs' Document Requests to FBI Nos. 3, 4, and 6.

Those original requests sought, respectively:  (1) "[a]ll Documents related or created in response

to . . . the cyberstalking report filed by the Kelleys . . ."; (2) "all . . . Documents [from January 1,

2012 to the present] . . . evidencing all internal and external communications . . . relating to the

Kelleys or the Kelley Cyberstalking Report . . ."; and (3) "all documents within the FBI

concerning the Kelleys in any way . . . ."  Ex. 2 at 6-7.  FBI originally objected to these requests

on a variety of grounds including, *inter alia,* that they were unduly burdensome, overly broad,

and that they sought information not reasonably calculated to lead to the discovery of admissible

evidence.  Ex. 3 at 4-7, 8.  Subject to and without waiving its objections, in response to these
requests, FBI agreed to produce documents serialized to the FBI Tampa case file that was opened
in response to the Kelleys' report of cyberstalking that refer to or discuss Jill and/or Scott Kelley,
or that refer to or discuss either the ███████ @yahoo.com email address or the
███████ @me.com email address.  *Id.*  FBI also agreed to produce similarly responsive
documents that were not formally serialized to the case file but that were otherwise associated
with the cyberstalking investigation.  *Id.*  FBI subsequently informed plaintiffs that FBI withheld
one document as privileged, and FBI has provided a basis for that privilege.  Here again, FBI's
production was in excess of "documents related to the ███████ @yahoo.com email account and
emails contained therein."

FBI objects to the newly formulated request because it remains overly broad and because
it is not reasonably calculated to lead to the discovery of admissible evidence.  A plaintiff in a
Privacy Act unlawful disclosure case "is only entitled to discover communications that violate
the Privacy Act . . . ."  *Krieger v. Fadely*, 199 F.R.D. 10, 14 (D.D.C. 2001).  Plaintiffs' newly
formulated request, which seeks any "internal communications," exceeds the scope of relevance
to plaintiffs' sole remaining claim, which relates only to disclosures to the media.  Indeed,
plaintiffs' Amended Complaint did not claim intra-agency Privacy Act violations, and this Court
dismissed plaintiffs' attempt to recover for inter-agency Privacy Act violations.  FBI also objects
to plaintiffs' newly formulated request on the grounds that it seeks privileged information and
because the phrase "documents related to the ███████ @yahoo.com email account, including
the emails contained therein reflecting internal communications" is vague, confusing, and not
reasonably particularized.

On the basis of these objections and due to the fact that, as described above, FBI has already produced information responsive to this narrowed request, FBI does not intend to produce additional documents in specific response to this request.

3.      **"All documents [related to the** ████████ **@yahoo.com email account, including the emails contained therein] reflecting communications between FBI and any other government agency."**

Plaintiffs next propose to narrow their original Document Request to FBI No. 23.   That request sought "[a]ll Documents evidencing communications between the FBI and DOD or any other government agency relating to the Kelleys."  Ex. 2 at 10.  FBI originally objected to the request on the grounds that, *inter alia*, it was overly broad, unduly burdensome, and that it sought information not reasonably calculated to lead to the discovery of admissible evidence for at least two reasons:  (1) because inter-agency communications are not relevant to a claim asserting that FBI made an unlawful disclosure *to the media*, and (2) because the Court had already dismissed from the case plaintiffs' claim that FBI's communications with DoD violated the Privacy Act.  Ex. 3 at 21-22.  On the basis of its objections, FBI declined to provide documents in specific response to the request.

FBI objects to the newly formulated request because it remains overly broad and because it is not reasonably calculated to lead to the discovery of admissible evidence in this case.  As noted above, the proper scope of discovery of agency communications in an unlawful disclosure case is generally limited to "communications that violate the Privacy Act . . . ." *Krieger*, 199 F.R.D. at 14.  Plaintiffs' newly formulated request, however, seeks only inter-agency communications, which exceed the scope of relevance to a claim asserting that FBI made an unlawful disclosure to the media.  Moreover, FBI intends to maintain its objection to this request on the grounds that the request seeks discovery on a claim that this Court has already dismissed.  Plaintiffs' Amended Complaint asserted a claim alleging that FBI's communications

with DoD ran afoul of the Privacy Act, and this Court rejected that claim.  *See* Mem. Opinion at 3, 24-25 (Dkt. No. 46).  Plaintiffs have not asserted a Privacy Act claim arising from FBI's communications with "any other government agency," and this Court has repeatedly made clear that the sole remaining claim against FBI in this case relates to potentially unlawful disclosures of information *to the media*, not to other government agencies.  *Id.* at 3.  FBI also objects to plaintiffs' newly formulated request on the grounds that the phrase "documents related to the ██████ @yahoo.com email account, including the emails contained therein reflecting communications between FBI and any other government agency" is vague, confusing, and not reasonably particularized.

In addition, FBI notes that it previously has averred to plaintiffs that it provided email correspondence from the ██████ @yahoo.com email account to DoD in November 2012. Defendant DoD has already produced to plaintiffs copies of the emails from that account that DoD received from FBI.  Thus, to the extent plaintiffs' narrowed request now seeks the production of the same materials that DoD has already provided to plaintiffs, the request is further objectionable as cumulative.  On the basis of these objections, FBI does not intend to produce documents in specific response to this request.

> **4.      "All documents [related to the ██████ @yahoo.com email account, including the emails contained therein] reflecting communications from the FBI to the DoD, including the identification of those documents by Bates numbers."**

Plaintiffs next propose to narrow Document Requests to FBI Nos. 7 and 9.  Those original requests sought, respectively:  (1) "[a]ll Documents relating to sharing, obtaining, acquiring, sending, receiving, or any other kind of transfer of investigative materials, Documents, records, or communications regarding the Kelleys or resulting from the Kelley Cyberstalking Report . . ."; and (2) "[a]ll Documents regarding the Kelleys, including but not

limited to, any Document or log of the individuals who requested, retrieved, accessed or transferred the materials, the number of times they requested, retrieved, accessed or transferred the materials, the purpose given for requesting, retrieving, accessing or transferring the materials, the chain of custody of the materials, including whether they copied or in any way replicated or duplicated the materials, and the total number of times any materials regarding . . . the Kelleys were requested, retrieved, accessed or transferred, and any corresponding instructions for confidentiality or other handling with respect to the materials."  Ex. 2 at 7.

FBI originally objected to these requests on the grounds that, *inter alia*, they were overly broad, unduly burdensome, and that they sought information not reasonably calculated to lead to the discovery of admissible evidence because this case involves no extant claim for unlawful inter-agency or intra-agency disclosures.  Ex. 3 at 8-11.  FBI also objected to Document Request to FBI No. 9 as unintelligible and not reasonably particularized.  *Id.*  Subject to and without waiving these objections, FBI responded to Document Request to FBI No. 7 by agreeing to produce a list of FBI employees who were understood to have access as of November 2012 to the FBI Tampa case file opened in response to the Kelleys' report of potential cyberstalking. Based on its asserted objections, FBI responded to Document Request to FBI No. 9 by stating that FBI would make no production in specific response to that request, and FBI instead referred plaintiffs to documents produced in response to other requests and to FBI's answer to plaintiffs' Interrogatory to FBI No. 2.

FBI objects to the newly formulated request because it remains overly broad and because it is not reasonably calculated to lead to the discovery of admissible evidence for the same reasons discussed above, namely: (1) because plaintiffs have not asserted a claim of unlawful disclosure based on inter-agency communications and those communications are not relevant to a claim arising from alleged FBI unlawful disclosures to the media, and (2) because the Court

has already dismissed from the case plaintiffs' claim that FBI's communications with DoD violated the Privacy Act.  *See generally Krieger*, 199 F.R.D. at 14; Mem. Opinion at 3, 24-25 (Dkt. No. 46).  FBI also objects to plaintiffs' newly formulated request on the grounds that the phrase "documents related to the ███████ @yahoo.com email account, including the emails contained therein reflecting communications between FBI and any other government agency" is vague, confusing, and not reasonably particularized.  In addition, as mentioned above, FBI previously has averred to plaintiffs that it provided email correspondence from the ██████ @yahoo.com email account to DoD in November 2012, and DoD has already produced to plaintiffs copies of the emails from that account that DoD received from FBI. Thus, to the extent plaintiffs' narrowed request now seeks the production of the same materials that DoD has already provided to plaintiffs, the request is further objectionable as cumulative. For these reasons, and on the basis of these objections, FBI does not intend to produce documents in specific response to this request.

**5.    "All documents [related to the ██████ @yahoo.com email account, including the emails contained therein] responsive to request number 1 from Plaintiffs' August 28, 2015, letter to Defendants, attached herein."**

Plaintiffs' final "narrowed request" is objectionable because it does not seek to narrow a document request sent to the *defendants*.  Rather, it appears to request that one or both defendants respond directly to five separate subpoenas *duces tecum* that plaintiffs issued pursuant to Rule 45 to certain non-party witnesses, who are current or former employees of the FBI or DoD.  *See* Ex. 1 at 2, 6.  The Court's Minute Order was limited to document requests made to the defendants – it did not contemplate document requests made to non-parties.  Not only is plaintiffs' request beyond the contemplation of the Court's order, but the request also runs afoul of the rules of civil procedure:  a Rule 45 subpoena to non-parties should not be used to obtain discovery from a party.  Document requests to parties are governed by Rule 34, not

Rule 45.  *See generally* Fed. R. Civ. P. 34(c) ("*As provided in Rule 45*, a nonparty may be compelled to produce documents . . . .") (emphasis added); Wright & Miller, *Federal Practice and Procedure* Civil 3d § 2452 (A Rule 45 subpoena is "necessary to compel someone who is not a party . . . for the production of documents") (gathering cases).  In addition to this threshold objection, defendants address below each of the subpoenas in turn.

> a.    *Subpoena Duces Tecum to Stacy M. Arruda (a non-party current FBI employee)*

Through a subpoena *duces tecum* issued pursuant to Rule 45 and dated April 28, 2015, plaintiffs sought the production by May 1, 2015, of fifteen categories of documents from current FBI employee Stacy Arruda.  *See* Subpoena of Stacy M. Arruda at 4-7 (attached hereto as Exhibit 4).   The categories of documents identified in the subpoena are vast in scope; they include, *inter alia*, "[a]ll Documents concerning, referencing, or related to Jill and/or Scott Kelley . . ."; "[a]ll Documents concerning, referencing, or related to the Kelleys"; [a]ll Documents concerning, referencing, or related to Paula Broadwell"; "[a]ll Documents the refer to either or both of the Kelleys"; all documents referenced in certain identified news articles; "[a]ll Documents evidencing communications between you (Stacy Arruda) and FBI or DOD or any other government agency, employee, or person concerning or relating to the Kelleys . . ."; and "[a]ll Documents . . . concerning investigations or personnel actions taken against you or any federal employee as a result of the Kelley Cyberstalking Report . . . ."  *Id.*

FBI objected to the subpoena *duces tecum* on the grounds that, *inter alia*, it provided only three days for the production of fifteen broad categories of documents; that, because the subpoena sought information that had already been requested from FBI, it was cumulative and an over-extension of Rule 45; and that it sought privileged information.  *See* Letter from Peter J. Phipps to Paul A. Hemmersbaugh (Apr. 30, 2015) (attached hereto as Exhibit 5); *see also Soley*

*v. Wasserman*, No. 08-CV-9262 KMW FM, 2012 WL 10973451, at *1 (S.D.N.Y. Feb. 10, 2012)

(holding that a party has standing to challenge a non-party subpoena when the documents sought

are privileged or confidential in some way).  Ms. Arruda did not provide documents in response

to the subpoena.[4]

Although plaintiffs' proposal for narrowing the terms of the subpoena is not entirely

clear, a good faith reading of plaintiffs' submission suggests that plaintiffs propose inserting the

limitation "related to the ███████@yahoo.com email account, including the emails contained

therein" after the word "document" as that word first appears in each of the fifteen categories

listed in the subpoena.

FBI objects to the newly formulated subpoena requests on the grounds that, *inter alia,* it

is an improper use of Rule 45, and the newly formulated requests are vague, and they remain

overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

admissible evidence because much of the information sought – *e.g.* information related to intra

and inter-agency communications and individual personnel actions – is unrelated to a Privacy

Act claim arising from an alleged disclosure to the media.  The information sought is also

protected by a number of separate privileges.

Based on these objections, and because the subpoena seeks documents directly from

Stacy Arruda, not from a defendant, FBI does not intend to make any response to the subpoena.

b.     *Subpoena Duces Tecum to George Little (a non-party former employee of DoD)*

Through a subpoena *duces tecum* issued pursuant to Rule 45 and dated July 17, 2015,

plaintiffs sought the production by July 21, 2015, of seventeen categories of documents from

former DoD employee George Little.  *See* Subpoena of George Little at 4-9 (attached hereto as

---

[4] FBI notes that other barriers, including internal FBI policies or regulations, may prohibit
individual employees from disclosing FBI material.

Exhibit 6).  The categories of documents identified in the subpoena are similarly vast in scope;

they include, *inter alia*, "[a]ll Documents concerning, referencing, or related to Jill and/or Scott

Kelley . . ."; "communications relating to the Relevant Issues with Leon Panetta . . . and former

General Counsel Jeh Johnson"; all documents referenced in certain identified news articles; "[a]ll

Documents concerning, referencing, or related to Paula Broadwell"; "[a]ll Documents that

concern, refer, or relate to either or both of the Kelleys"; "[a]ll Documents evidencing

communications between you (George Little) and DOD or FBI or any other government agency,

employee, or person concerning or relating to the Kelleys . . ."; and "[a]ll Documents . . .

concerning investigations or personnel actions taken against you or any federal employee as a

result of the Kelley Cyberstalking Report . . . ."  *Id.*

   DoD objected to the subpoena *duces tecum* on the grounds that it provided only four

days for the production of seventeen broad categories of documents; that the subpoena imposed

an undue burden on a non-party former employee, particularly in light of the fact that a party had

already responded to overlapping requests; and on the basis of other reserved objections, which

would include objections to the production of any privileged information.  *See* Letter from

Peter J. Phipps to Guy S. Neal (July 20, 2015) (attached hereto as Exhibit 7).  Mr. Little did not

provide documents responsive to the subpoena.

   Although plaintiffs' proposal for narrowing the terms of the subpoena is not entirely

clear, a good faith reading of plaintiffs' submission suggests that plaintiffs propose inserting the

limitation "related to the ███████@yahoo.com email account, including the emails contained

therein" after the word "document" as that word first appears in each of the seventeen categories

listed in the subpoena.

   DoD objects to the newly formulated subpoena on the grounds that, *inter alia,* it is an

improper use of Rule 45, and the newly formulated requests are vague, and they remain overly

broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence because much of the information sought – *e.g.* information related to intra and inter-agency communications and individual personnel actions – is unrelated to a Privacy Act claim arising from an alleged disclosure to the media.  The information sought is also protected by a number of separate privileges.

Based on these objections, and because the subpoena seeks documents directly from George Little, not from a defendant, DoD does not intend to make any response to the subpoena.

c. *Subpoena Duces Tecum to Jeremy Bash (a non-party former DoD employee)*

Through a subpoena *duces tecum* issued pursuant to Rule 45 and dated July 17, 2015, plaintiffs sought the production by July 22, 2015, of seventeen categories of documents from former DoD employee Jeremy Bash.  *See* Subpoena of Jeremy Bash at 4-7 (attached hereto as Exhibit 8).  The categories of documents identified in the subpoena are substantially identical to those contained in the George Little subpoena.  *Id.*

 DoD objected to the subpoena *duces tecum* on the grounds that it provided only four days for the production of seventeen broad categories of documents; that it was an improper use of Rule 45; that it imposed an undue burden on a non-party former employee in which a party had already responded to overlapping requests; and that it sought privileged information.  *See* Letter from Lisa Zeidner Marcus to Guy S. Neal (July 21, 2015) (attached hereto as Exhibit 9).  Mr. Bash did not provide documents responsive to the subpoena.

Although plaintiffs' proposal for narrowing the terms of the subpoena is not entirely clear, a good faith reading of plaintiffs' submission suggests that plaintiffs propose inserting the limitation "related to the ███████ @yahoo.com email account, including the emails contained therein" after the word "document" as that word first appears in each of the seventeen categories listed in the subpoena.

DoD objects to the newly formulated subpoena on the same grounds referenced above, *i.e.*, it is an improper use of Rule 45, and the newly formulated requests are vague, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seek information protected by a number of separate privileges.

Based on these objections, and because the subpoena seeks documents directly from Mr. Bash, not from a defendant, DoD does not intend to make any response to the subpoena.

> d. *Subpoena Duces Tecum to Commander William Speaks (a non-party current DoD employee)*

Through a subpoena *duces tecum* issued pursuant to Rule 45 and dated July 17, 2015, plaintiffs sought the production by July 24, 2015, of thirteen categories of documents from current DoD employee Commander William Speaks. *See* Subpoena of William Speaks at 4-6 (attached hereto as Exhibit 10). Other than eliminating requests for documents related to certain news articles, the categories of documents identified in the subpoena are substantially identical to those contained in the George Little and Jeremy Bash subpoenas. *Id.*

DoD objected to the subpoena *duces tecum* on the grounds that it provided only seven days for the production of thirteen broad categories of documents; that it was an improper use of Rule 45; that it imposed an undue burden on a non-party former employee in which a party had already responded to overlapping requests; and that it sought privileged information. *See* Letter from Stephen J. Buckingham to Guy S. Neal (July 22, 2015) (attached hereto as Exhibit 11). *Id.* Commander Speaks did not provide documents responsive to the subpoena.

Although plaintiffs' proposal for narrowing the terms of the subpoena is not entirely clear, a good faith reading of plaintiffs' submission suggests that plaintiffs propose inserting the limitation "related to the ████████@yahoo.com email account, including the emails contained

therein" after the word "document" as that word first appears in each of the thirteen categories listed in the subpoena.

DoD objects to the newly formulated subpoena on the same grounds referenced above, *i.e.*, it is an improper use of Rule 45, and the newly formulated requests are vague, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seek information protected by a number of separate privileges.

Based on these objections, and because the subpoena seeks documents directly from Commander Speaks, not from a defendant, DoD does not intend to make any response to the subpoena.

e.  *Subpoena Duces Tecum to Carl Woog (a non-party current DoD employee)*

Through a subpoena *duces tecum* issued pursuant to Rule 45 and dated August 4, 2015, plaintiffs sought the production by August 11, 2015, of thirteen categories of documents from current DoD employee Carl Woog.  *See* Subpoena of Carl Woog at 4-6 (attached hereto as Exhibit 12).  The categories of documents identified in the subpoena are substantially identical to those contained in the William Speaks subpoena.  *Id.*

 DoD objected to the subpoena *duces tecum* on the grounds that it provided only seven days for the production of thirteen broad categories of documents; that it was an improper use of Rule 45; that it imposed an undue burden on a non-party former employee in which a party had already responded to overlapping requests; and that it sought privileged information.  *See* Letter from Stephen J. Buckingham to Tasha Manoranjan (Aug. 11, 2015) (attached hereto as Exhibit 13).  *Id.*  Mr. Woog did not provide documents responsive to the subpoena.

Although plaintiffs' proposal for narrowing the terms of the subpoena is not entirely clear, a good faith reading of plaintiffs' submission suggests that plaintiffs propose inserting the limitation "related to the ███████@yahoo.com email account, including the emails contained

therein" after the word "document" as that word first appears in each of the thirteen categories listed in the subpoena.

DoD objects to the newly formulated subpoena on the same grounds referenced above, *i.e.*, it is an improper use of Rule 45, and the newly formulated requests are vague, overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and seek information protected by a number of separate privileges.

Based on these objections, and because the subpoena seeks documents directly from Mr. Woog, not from a defendant, DoD does not intend to make any response to the subpoena.

**II.    Defendants Response to Plaintiffs' List of Allegedly Outstanding Documents**

The Court's instructed plaintiffs to provide defendants with an accounting of "the specific documents" that plaintiffs believe to be outstanding from their original requests.  Despite this instruction, plaintiffs instead provide in the non-enumerated portion of their Sept. 21 submission a non-specific overview of certain broad categories of documents they believe remain outstanding.  Plaintiffs also appear to charge defendants with the requirement of needing to respond substantively to unspecified subpoenas *duces tecum* that plaintiffs issued to non-party witnesses.  Defendants have made a good faith attempt to discern from plaintiffs' submission specific categories of purportedly outstanding documents, and defendants address those categories in turn.

1. The first and second categories of information that plaintiffs appear to identify as outstanding appear to be directed at FBI and appear to consist of:  (1) "any internal communications amongst the case agents assigned to the Kelleys' cyberstalking complaint or their supervisors"; and (2) "any communications between the FBI and the DoD, or either the FBI and any other government agency."  Ex. 1 at 2-3.

As mentioned above, FBI has already agreed to produce, *inter alia*:  (1) any communications with, to, or from media personnel or news organizations that occurred in the wake of the David Petraeus resignation from the CIA on November 9, 2012, or during the course of the FBI investigation that preceded that resignation where the communication regards either plaintiff; (2) a list of FBI employees who were understood to have access as of November 2012 to the FBI Tampa case file opened in response to the Kelleys' report of potential cyberstalking; (3) documents contained in the FBI Tampa case file that was opened in response to the Kelleys' report of cyberstalking that refer to or discuss Jill and/or Scott Kelley, or that refer to or discuss either the ██████@yahoo.com email address and/or the ██████@me.com email address; (4) similarly responsive documents that were not formally serialized to the case file but that were otherwise associated with that file; and (5) the entire contents of the emails from the ██████@yahoo.com email account that are in the FBI's possession.

FBI objects to the production of every "internal communication[] amongst the case agents . . . or their supervisors" or to the production of every "communication[] between the FBI and the DoD, or . . . any other government agency."  Those overly broad requests exceed the scope of relevance to plaintiffs' sole remaining claim; they seek documents related to claims that the Court has already dismissed from this case; they seek information protected by a variety of privileges; and responding to them would be unduly burdensome.  On the basis of these objections, FBI does not intend to produce additional documents in specific response to these categorical requests.

2.  Plaintiffs next appear to identify as outstanding a category of documents consisting of "all the documents transferred from the FBI to the DoD on November 11, 2012." Ex. 1 at 3.

DoD has already produced to plaintiffs copies of all emails between Jill Kelley and General John Allen that DoD received from FBI on or about November 11, 2012.  Accordingly,

defendants take the position that no outstanding records remain to be produced in response to this category.

3. Finally, plaintiffs note that "Defendants have not produced any documents in response to subpoenas." Although plaintiffs do not identify in this section of their submission the specific subpoenas to which they are referring, a good faith reading of their submission indicates that they are likely referring to the subpoenas *duces tecum* identified earlier in this report. As detailed above, because those subpoenas seek documents directly from non-parties, not from defendants, and because the categories of documents sought are objectionable on the variety of grounds detailed herein, defendants do not intend to respond to those subpoenas.

## III.  **PROPOSED SCHEDULE**

In response to the Court's instruction that defendants "propos[e] a schedule for the briefing of any objections or the production of . . . documents," defendants first note that, as explained above, they have already produced or committed to producing documents that plaintiffs now appear to seek, including through FBI productions made in May, June, July, and September of this year. And FBI intends to make another supplemental production in October. Thus, defendants do not believe motions practice on these matters is necessary. Nonetheless, to the extent plaintiffs or the Court disagree, defendants respectfully propose that plaintiffs file a motion to compel pursuant to Rule 37 by October 23, 2015; that defendants respond to that motion by November 4, 2015; and that, to the extent the Court allows for reply, plaintiffs reply by November 11, 2015.

Defendants make no specific proposal regarding outstanding concerns plaintiffs may have with respect to subpoenas *duces tecum* that plaintiffs served on non-party witnesses, except to note that, pursuant to Rule 45(d)(2)(B)(i), defendants would be required to move in the court for the district where compliance is required for an order compelling production. Defendants

18

also note that briefing schedules related to enforcement of those subpoenas may be complicated

by any local rules that govern courts outside this jurisdiction (two of the five subpoenas

identified herein were served outside this jurisdiction), by the transfer provisions of Rule 45(f),

and by the potential that a non-party witness may attempt to seek personal representation from

the Department of Justice ("DOJ"), a decision that requires high-level and often time-consuming

review within DOJ, *see generally* 28 C.F.R. §§ 50.15, 50.16.


Dated:  October 9, 2015                          Respectfully Submitted,

                                                 BENJAMIN C. MIZER
                                                 Principal Deputy Assistant Attorney General

                                                 MARCIA BERMAN
                                                 Assistant Branch Director

                                                  */s/ Stephen J. Buckingham*
                                                 PETER J. PHIPPS (DC Bar #502904)
                                                 LISA ZEIDNER MARCUS (NY Bar)
                                                 STEPHEN J. BUCKINGHAM (MD Bar)
                                                 U.S. Department of Justice, Civil Division
                                                 Tel: (202) 514-3330
                                                 Fax: (202) 616-8470
                                                 Email: stephen.buckingham@usdoj.gov
                                                 P.O. Box 883 Ben Franklin Station
                                                 Washington, DC 20530

                                                 *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on October 9, 2015, I caused a copy of the foregoing Status Report to be filed electronically and that the document is available for viewing and downloading from the ECF system.   Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/ *Stephen J. Buckingham*
PETER J. PHIPPS (DC Bar #502904)
LISA ZEIDNER MARCUS
STEPHEN J. BUCKINGHAM (MD Bar)
Federal Programs Branch
U.S. Department of Justice, Civil Division
Tel: (202) 514-3330
Fax: (202) 616-8470
Email: stephen.buckingham@usdoj.gov
P.O. Box 883 Ben Franklin Station
Washington, DC 20530

*Attorneys for Defendants*