UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GILBERTE JILL KELLEY, *et al.*, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil Action No. 13-0825 (ABJ) |
| FEDERAL BUREAU OF INVESTIGATION, *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated on the record at the sealed proceedings held on November 4, 2015, it is

**ORDERED** that the motion for a protective order [Dkt. # 73] filed by defendant the Federal Bureau of Investigation ("FBI") is **DENIED** in part and **GRANTED** in part.

It is **FURTHER ORDERED** that FBI Supervisory Special Agent Adam Malone shall appear for the continuation of his deposition, not to exceed two (2) hours, and the FBI shall pay for the court reporter. Special Agent Malone may be asked and must answer the following of the questions that were in dispute during his original deposition:

- When did you determine that the harassing emails originated from the Thayer Hotel at West Point?

- When did you determine that the sender of those emails was Paula Broadwell?

- How did you determine that the sender of those emails was Paula Broadwell?

- Why did you seek a search warrant for plaintiffs' yahoo.com email account?

- Who was involved in the decision to seek a search warrant for plaintiffs' yahoo.com email account?

- Who received the emails from plaintiffs' yahoo.com email account after they were produced to the FBI?

- Who had access to the emails?

- Where were the emails kept?

- Who did you discuss them with?

- Did anyone else within the FBI indicate to you that he or she had discussed those emails with any reporter?

- Did anyone else within the FBI indicate to you that he or she harbored any ill will toward plaintiffs?

- Did you have any concerns that plaintiff Jill Kelley may have committed a crime, and if so, when?

The motion for a protective order is **GRANTED** only in that plaintiffs may not ask the other disputed questions detailed on the record at the hearing. The remaining FBI depositions will proceed, and counsel, as previously ordered, may not instruct a witness not to answer on any basis other than privilege.

It is **FURTHER ORDERED** that, with regard to plaintiffs' upcoming Rule 30(b)(6) deposition of the FBI, plaintiffs shall be permitted to inquire about all of the topics listed in the Amended Rule 30(b)(6) Notice, Ex. B to Pls.' Opp. to Def. FBI's Mot. for Protective Order [Dkt. # 79], with the exception of issues 2(e) and 2(f), which are overbroad, and as drafted, not reasonably calculated to lead to the discovery of admissible evidence. Those topics are hereby narrowed to permit plaintiffs to ask to ask the deponent(s) to identify those individuals within the FBI who had access to the information obtained pursuant to the search warrant; to ask where and how the records were stored; and to ask whether, to whom, and by whom the emails were disseminated outside the FBI.

It is **FURTHER ORDERED** that defendant FBI shall respond to plaintiffs' four outstanding written discovery requests as follows:

> **Request 1.   All documents reflecting communications with, and about, the media, related to the yahoo.com email account.**
>
> Defendant FBI must confirm that it has conducted a search for any and all records in the Tampa office or at FBI headquarters related to communications to or from anyone in the media, specifically including Sari Horwitz or Greg Miller, related to the yahoo.com emails, Jill or Scott Kelley, General Allen, or General Petraeus.
>
> Defendant FBI must search communications to and from all of the individuals named in plaintiffs' First Request for Documents Number 5, as well as from the FBI Office of Public Affairs, National Press Office, and the Washington Field Office Media Coordinator.  This includes records that document or relate to incoming phone calls, and not only emails.
>
> Defendant FBI's search will be subject to the timeframe of June 1, 2012 to November 30, 2012 that was contained in plaintiffs' original request.
>
> Defendant FBI must also produce any internal communications between October 15, 2012 and November 15, 2012, to or from any of those individuals or within those entities, that mention either Sari Horwitz or Greg Miller, even if those emails do not refer to the Kelley case in particular.
>
> **Request 2.   All documents reflecting internal communications related to the yahoo.com email account.**
>
> Defendant FBI must produce any intra-agency communications that refer to any communications with the press.  Any further production of internal FBI communications related to the Kelley matter must await some showing by plaintiffs that the necessary predicate – an unlawful external disclosure by a specific individual within the FBI – has been established.
>
> **Request 3.   All documents reflecting communications between the FBI and any other government agency related to the yahoo.com email account; and**
>
> **Request 4.   All documents transferred from the FBI to the DOD, including the identification of those documents by Bates numbers, related to the yahoo.com email account.**
>
> Defendant FBI must produce records that indicate – and be prepared to detail in the Rule 30(b)(6) deposition – every individual within the FBI who

>received or reviewed the documents obtained pursuant to the warrant authorizing the search of the yahoo.com email account, and the individuals, if any, outside the agency to whom those records were disclosed.
>
>Defendant FBI must also inform plaintiffs if and when the transfer was made from the FBI to the then-General Counsel for the Department of Defense, and exactly what was transferred, when, and by whom.
>
>Defendant FBI must also produce any records reflecting whether the contents of the emails were transferred to, summarized for, or described to any other individual or agency.

With regard to the Rule 45 subpoenas issued to individual agents in this case, it is **FURTHER ORDERED** that, to the extent that the individual agents subpoenaed have records in their personal possession that are responsive to the discovery requests as narrowed above, defendant FBI shall be responsible for ensuring that they are produced.

Finally, it is **FURTHER ORDERED** that the Amended Protective Order [Dkt. # 65] currently in place in this matter is modified as follows (edits are in bold):

>5.   Restrictions on the Disclosure of Protected Information.  Protected Information may be disclosed only to "Qualified Recipients," who consist of . . . (b) counsel for the parties **who have entered an appearance in this case**, including agency counsel for defendants; (c) persons employed by counsel for the parties, **that is, the Department of Justice, Sidley Austin LLP, and Sands Anderson PC**, who have a need for the Protected Information in the performance of their duties in conjunction with this action; . . . (e) consultants and expert witnesses consulted, retained, or hired by any party to this litigation, only to the extent that they require Protected Information to elicit their expert report, opinion, testimony, and/or **advice** regarding this litigation, **and not any consultants or advisors, even if they are attorneys, who were retained or consulted for the purpose of providing advice concerning public relations or media strategy** . . . .
>
>6.   Permissible Uses of Protected Information.  Qualified Recipients shall use Protected Information received from another party only for purposes of this litigation, **that is, prosecuting or defending this action in pretrial discovery proceedings and in court**, and they shall not disclose Protected Information except as provided in paragraph 5.  **"For purposes of this litigation" does not include public relations surrounding, or writing articles or books about, this litigation or the events that prompted the litigation**.  A party producing Protected Information will not

4

be restricted in its use or dissemination of the Protected Information that it produces in this case, **but any voluntary dissemination by a party of information it has marked as Protected Information may result in the Court's denial of any motion to seal that information**.

7. <u>Agreement to Be Bound by Protective Order.</u>  Before receiving any Protected Information, Qualified Recipients, except those identified in **section (a) of paragraph 5 above**, shall execute a copy of the Agreement to Be Bound by Protective Order in the form attached hereto (the "Agreement Form").  Counsel for the parties who receive Protected Information from another party shall maintain executed Agreement Forms for each person receiving such Protected Information.  Upon request of opposing counsel, **or the Court**, counsel for a party shall produce any or all Agreement Forms in their possession.

**SO ORDERED**.

_____
AMY BERMAN JACKSON
United States District Judge

DATE:  November 4, 2015