**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| GILBERTE JILL KELLEY *et al.*,    )<br>                                                                )<br>           Plaintiffs,                            )<br>                                                                )<br>                  v.                                     )           Civil Action No. 13-cv-825 (ABJ)<br>                                                                )<br>THE FEDERAL BUREAU OF             )<br>INVESTIGATION *et al.*,                    )<br>                                                                )<br>           Defendants.                        )<br>                                                                ) | |

**DEFENDANTS' SUBMISSION IN RESPONSE TO**
**THE COURT'S MARCH 29, 2016 MINUTE ORDER**

The Federal Bureau of Investigation ("FBI") and the Department of Defense ("DoD") (collectively, "defendants"), by and through undersigned counsel, respectfully submit this response to the Court's March 29, 2016 Minute Order directing the parties to separately inform the Court "whether they object to the unsealing of any of the sealed pleadings and exhibits in this case, and if they do, identify each document and provide specific grounds for maintaining the seal as to each."[1]

**I.   Overview of Sealed Documents**

Each of the documents currently under seal in this matter were filed in connection with either the FBI's October 15, 2015 motion for a discovery-related protective order, or with plaintiffs' counsels' March 16, 2016 motion to withdraw from representation. The presently sealed documents can be categorized as follows:

Set A:   Two exhibits originally filed as public attachments to FBI's October 15, 2015 motion for a protective order (ECF No. 73, Exhibits G [73-7] and H [73-8]), and plaintiffs' sealed motion to seal those two exhibits (ECF Nos. 76, 76-1, and 76-2);

---

[1] The Court's Minute Order applies only to documents filed with the Court; it does not seek the parties' positions with regard to discovery exchanged by the parties but not filed with the Court.

    Set B:    FBI's supplemental brief and exhibits (ECF Nos. 74, 74-1, 74-2, 74-3, 74-4, 74-5, 74-6, 74-7, 74-8, 74-9, 74-10, 74-11, which were also docketed at ECF No. 75), filed in further support of its October 15, 2015 motion for protective order;

    Set C:    Plaintiffs' unredacted opposition to FBI's October 15, 2015 motion for protective order (ECF Nos. 78, 78-1, 78-2, 78-3, and 78-4, which were also docketed at ECF No. 79) (plaintiffs filed a redacted version of their opposition at ECF Nos. 77, 77-1, 77-3, and 77-4); and

    Set D:    Plaintiffs' counsels' unredacted motion for leave to withdraw as counsel (ECF Nos. 88, 88-1, 88-2, 88-3, and 88-4, which were also docketed at ECF No. 89) (plaintiffs' counsel filed a redacted version of the motion at ECF No. 90).

Of these documents, defendants object to unsealing portions of Set B and Set C, as discussed below.[2]

## II. Legal Standard

Whether to order the unsealing of sealed docket entries is a decision committed to the discretion of the Court. *E.g.*, *United States v. Hubbard*, 650 F.2d 293, 317-18 (D.C. Cir. 1980). While there is a "strong presumption in favor of public access to judicial proceedings," *In re Sealed Case*, 237 F.3d 657, 666 (D.C. Cir. 2001), that presumption is not absolute, *e.g.*, *id.*; *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). The strength of the presumption depends on the particular records at issue:

> Information exchanged by the parties during discovery is not subject to a First Amendment or common-law public right of access. If the fruits of discovery are filed in conjunction with a dispositive motion, a qualified right of access attaches. If they are attached to a filing in conjunction with a discovery motion, however, the public right of access is substantially diminished.

Robert Timothy Reagan, Fed. Judicial Ctr., *Sealing Court Records and Proceedings: A Pocket Guide* 11-12 (2010); *see also In re Reporters Comm. for Freedom of the Press*, 773 F.2d 1325, 1338 (D.C. Cir. 1985) ("We are certainly unaware of any tradition of public access (pre- *or* post-judgment) to all documents consulted (or ... consultable) by a court in ruling on pre-trial

---

[2] Plaintiffs—apparently proceeding *pro se*—have objected to the unsealing of Set A and portions of Set B. *See* ECF No. 92 at ¶¶ 1, 2, 3. Defendants are not aware of any evidence suggesting that the communications within Sets A and B satisfy the privileges plaintiffs claim.

motions."); *id.* at 1343 n.3 (Skelley Wright, J., concurring in part and dissenting in part) (failing to find a common law right of access to materials considered by the district court in reaching a non-dispositive decision in civil litigation). Moreover, to the extent a presumption of access applies, courts in this Circuit will apply a six-factor test to balance the interest of public disclosure with countervailing confidentiality or privacy interests. *See In re Sealed Case*, 237 F.3d at 666 (listing the six relevant factors articulated by *Hubbard*, 650 F.2d at 317-22).

The sealed documents at issue in this litigation were filed during pre-trial proceedings in connection with non-dispositive motions, and therefore the public's right of access to them, if any such right exists, is "substantially diminished."

### III. The Court Should Allow Portions of Document Sets B and C to Remain Sealed

#### 1. Document Set B: FBI Supplemental Brief Regarding Discovery Motion

Defendants respectfully object to the unsealing of the following docket entries in Set B, given the public's limited (if any) right to access these exhibits to FBI's non-dispositive discovery motion, and the substantial countervailing interests countenancing against unsealing: 74-1; 74-2; 74-3; 74-4.[3]

Docket entry 74-1 is FBI's supplemental brief, supplementing FBI's publicly-filed motion and brief (ECF No. 73). It discusses, among other things, docket entries 74-2, 74-3, 74-4, and like information that would reveal personal information contained in law enforcement records. Defendants do not object to the unsealing of a redacted version of 74-1, and to the extent the Court deems it useful, defendants would submit a redacted version for the Court's consideration.[4]

Docket entry 74-2 (FBI Ex. Supp-A) consists of documents that remain sealed in a sealed case in another district. That district court partially unsealed the documents only to allow

---

[3] Defendants do not object to the unsealing of the following docket entries within Set B: 74, 74-5, 74-6, 74-7, 74-8, 74-9, 74-10, and 74-11.

[4] Because plaintiffs object to the unsealing of 74-1 in its entirety, *see* ECF 92 at ¶ 3 (referring to ECF 75, the docketing entry for 74-1), defendants are not at this time submitting a proposed redacted version for the Court's consideration.

3

defendants to produce them to plaintiffs, but with the condition that the documents would remain protected under the Protective Order governing this case (ECF No. 53, amended by ECF Nos. 65 and 83). The entire case in the other judicial district, including its caption and case identification number, otherwise remain under seal in that district. Accordingly, 74-2 should remain sealed in this case.

Defendants object to the unsealing of docket entries 74-3 (FBI Ex. Supp-B) and 74-4 (FBI Ex. Supp-C) because unsealing those entries would publicize details of a criminal investigation that concluded without charges being filed. That criminal investigations should remain confidential prior to the return of a charging document is a long-held concept, *see Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. at 218 n.9, and one that has been repeatedly upheld by the courts, s*ee United States v. U.S. District Court*, 407 U.S. 297, 321-22 (1972) ("The investigation of criminal activity has long involved imparting sensitive information to judicial officers who have respected the confidentialities involved."). Moreover, the documents contain or describe confidential statements provided to law enforcement investigators, materials subject to the Privacy Act, documents that were sealed by another district court, and other evidence implicating third-party privacy interests. The "confidentiality interest" here, which is "analogous to that protected by Federal Rule of Criminal Procedure 6(e)(6)," outweighs any potential countervailing interest in disclosure of these documents. *See In re Sealed Case*, 237 F.3d at 667 (recognizing the rights of the accused).

### 2. Document Set C:  Unredacted Version of Plaintiffs' Opposition to FBI's Discovery Motion

With respect to Set C, defendants respectfully object to the unsealing of the following docket entries within this set of documents: 78-1 (unredacted version of 77); 78-2 (unredacted version of 77-1), 78-3 (unredacted version of 77-3), and 78-4 (unredacted version of 77-4).[5] These unredacted documents would not contribute in any material way to the public's

---

[5] Within Set C, defendants do not object to the unsealing of docket entry 78 (plaintiffs' sealing motion).

understanding of this action, particularly given the amount of information revealed in the redacted versions of these documents (77, 77-1, 77-3, and 77-4), which are already available on the Court's public docket.  On the other hand, the unsealing of these documents would:  disclose personally identifiable information ("PII"), reveal information relating to a sealed case that was sealed by another district court, and publicize personal information from law enforcement records.

## IV. Conclusion

As outlined above, defendants ask the Court to maintain the following non-dispositive filings under seal:  ECF Nos. 74-1, 74-2, 74-3, 74-4, 78-1, 78-2, 78-3, and 78-4.  Defendants do not object to the unsealing of the remaining docket entries.

Dated:  April 8, 2016  Respectfully Submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director

 */s/ Lisa Zeidner Marcus*
PETER J. PHIPPS (DC Bar #502904)
LISA ZEIDNER MARCUS (NY Bar)
STEPHEN J. BUCKINGHAM (MD Bar)
U.S. Department of Justice, Civil Division
Tel: (202) 514-3336
Fax: (202) 616-8470
Email: lisa.marcus@usdoj.gov
P.O. Box 883 Ben Franklin Station
Washington, DC 20530

*Counsel for Defendants*